Merrimack
No. 82-335

RICHARD C. KIBBY *& a.*

v.

ANTHONY INDUSTRIES, INC.

April 29, 1983

*Brown & Nixon P.A.*, of Manchester (*Leslie C. Nixon* on the brief and orally), for the plaintiffs.

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Steven J. McAuliffe* on the brief and orally), for the defendant.

BOIS, J.   The plaintiffs, Richard and Mary Kibby, appeal from a Superior Court (*Cann, J.*) decision dismissing their writ against the defendant, Anthony Industries, Inc., for lack of personal jurisdiction. *See* RSA 510:4, I (Supp. 1979). We affirm.

The case arises out of the alleged defective installation of a swimming pool at the plaintiffs' home in Candia, New Hampshire, by Quality Swimming Pools, Inc. (Quality), a New Hampshire corporation with its principal place of business in Hooksett. At the time the

pool was installed, Quality had the exclusive dealership for Anthony Industries' pool equipment in several New Hampshire counties and represented itself as an "Authorized Anthony Pools Equipment Dealer." Anthony Industries, a Delaware corporation with its principal place of business in California, was not licensed to do business in this State.

The plaintiffs filed suit against Anthony Industries in New Hampshire Superior Court, alleging that Anthony Industries was engaged in the business of manufacturing, constructing, and installing pools in New Hampshire by virtue of its agency relationship with Quality. The plaintiffs claimed that the defendant had a duty to supervise and inspect the construction of their pool and that the breach of this duty resulted in damage to the plaintiffs.

The defendant entered a special appearance and moved to dismiss the case for lack of *in personam* jurisdiction. The trial court found that the plaintiffs failed to establish any connection between the defendant and the allegedly defective pool installation. The court therefore ruled that the facts did not warrant application of New Hampshire's long-arm statute, RSA 510:4, I (Supp. 1979), and it granted the motion to dismiss.

■ The general rule in New Hampshire is that on a motion to dismiss, the plaintiffs' pleadings and all reasonable inferences therefrom are to be taken as true and construed most favorably to the plaintiffs. *Jarvis v. Prudential Ins. Co.*, 122 N.H. 648, 651, 448 A.2d 407, 409 (1982). The rule, however, does not negate the plaintiffs' burden of demonstrating sufficient facts to satisfy the statutory requirements regarding *in personam* jurisdiction. *See Cove-Craft Industries v. B. L. Armstrong Co. Ltd.*, 120 N.H. 195, 198, 412 A.2d 1028, 1030 (1980).

■ RSA 510:4, I (Supp. 1979) provides:

"Jurisdiction. Any person, who is not an inhabitant of this state, and who in person or through an agent transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state, submits himself, or his personal representative, to the jurisdiction of the courts of this state *as to any cause of action arising from or growing out of the acts enumerated above.*"

(Emphasis added.) Although the statute provides a broad basis for the exercise of *in personam* jurisdiction over persons transacting business within the State, it requires that a cause of action against a

non-resident party transacting business here arise from or grow out of the transaction of that business either by the party or his agent. *Id.; see Hutchings v. Lee*, 119 N.H. 85, 88, 398 A.2d 68, 70 (1979).

■ The plaintiffs allege that the defendant conducted a pool construction business in New Hampshire as a result of its agency relationship with Quality. The plaintiffs, however, failed to present any facts in support of this claim. The exclusive dealership contract between the defendant and Quality provided only that Quality would promote and sell Anthony Industries' products in New Hampshire; it nowhere established that the defendant would retain control over Quality's construction work or that Quality would perform such construction work as the defendant's agent. Certainly, the exclusive dealership arrangement would not, of itself, establish an implied agency relationship with respect to the construction work. Furthermore, Quality's construction contract with the plaintiffs indicated that the defendant and Quality maintained separate identities, and that Quality would provide the structural and design plans for the plaintiffs' pool.

■ Thus, the pleadings and accompanying documents did not support a finding of apparent agency or any other agency relationship between the defendant and Quality with respect to the construction work. It was clear from the submitted documents that the defendant's transaction of business in New Hampshire consisted only in the *sale* of its pool equipment through its sales agent, Quality. In summary, the pleadings and accompanying documents failed to show that the defendant conducted a pool *construction* business in New Hampshire, and the plaintiffs did not allege that the defective installation was the result of the defendant's *sale* of inherently defective products. Therefore, because the plaintiffs' cause of action was based upon a theory of negligent installation and construction of their pool, rather than upon a theory of products liability, we conclude that the plaintiffs failed to meet their initial burden of showing that their cause of action arose from the defendant's transaction of business in this State.

■ We hold that the trial court correctly ruled that the facts presented did not support the exercise of *in personam* jurisdiction over the defendant under RSA 510:4, I (Supp. 1979).

*Affirmed.*

KING, C.J., did not sit; the others concurred.