Rockingham
No. 83-047

WELD POWER INDUSTRIES, INC.

v.

C.S.I. TECHNOLOGIES, INC.

October 26, 1983

*Larsen and Associates, P.A.*, of Londonderry (*Jay E. Printzlau* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Anthony C. Marts* on the brief and orally), for the defendant.

BATCHELDER, J.   The defendant appeals from an order of the Superior Court (*Dalianis*, J.) denying its motion to dismiss the plaintiff's writ for lack of *in personam* jurisdiction. The issues we face are whether the requirements of RSA 300:14, our long-arm statute, have been met and, if so, whether the defendant, a foreign corporation, has sufficient contacts with this State to enable the court to assert jurisdiction over it. For the reasons which follow, we hold that the defendant lacks sufficient contacts with this State to provide a basis for the court to assert jurisdiction, and therefore reverse.

The plaintiff, Weld Power Industries, Inc., sets out four counts against the defendant in the declaration to its writ, all grounded on the same alleged contractual agreement. Because the defendant is a foreign corporation having no registered agent in the State for receipt of process, the plaintiff's writ was served upon the New Hampshire Secretary of State on November 24, 1981, pursuant to RSA 300:14. Appearing specially, the defendant filed a motion to dismiss the plaintiff's writ for lack of *in personam* jurisdiction. The court, making no specific findings, denied the defendant's motion and noted its exception.

In ruling on a motion to dismiss, all facts properly pleaded by the plaintiff are deemed true, and all reasonable inferences derived therefrom are construed most favorably to the plaintiff. *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 610, 392 A.2d 576, 578 (1978); *Bell v. Pike*, 53 N.H. 473, 475 (1873).

Nonetheless, the plaintiff retains the "burden of demonstrating sufficient facts to satisfy the statutory requirements regarding *in personam* jurisdiction." *Kibby v. Anthony Industries, Inc.*, 123 N.H. 272, 274, 459 A.2d 292, 293–94 (1983). The defendant raised the issue of the court's jurisdiction by way of its motion to dismiss and thus put the plaintiff to its burden. The defendant's motion was supported by an affidavit of its chairman of the board. The plaintiff filed no counter-affidavit. Consequently, where the defendant's affidavit sets out uncontradicted facts, those facts must be taken as true.

Of jurisdictional significance, the plaintiff's declaration merely alleges that a contract for the sale of goods existed between the parties; that the defendant breached that contract by making a nonconforming tender of the goods; that the plaintiff justifiably made no payment for the goods; but that the defendant nevertheless improperly drew upon a letter of credit that the plaintiff had caused to be issued for the benefit of the defendant, all to the damage of the plaintiff.

The affidavit of the defendant's chairman, accompanying the motion to dismiss, sets forth the following facts. The defendant has no agent in New Hampshire, has spent no funds for advertising specifically directed at New Hampshire companies, and is not registered with the New Hampshire Secretary of State as a foreign corporation doing business within the State. The defendant's chairman goes on to state that the defendant does not do business in New Hampshire, does not solicit business in New Hampshire, and did not solicit business from the plaintiff, the contract at issue having been initiated through an intermediary which had had dealings with the parties individually in the past.

With respect to the contract at issue, the affidavit continues by stating that the defendant agreed to sell the plaintiff certain capacitors upon the following terms: the sale would be f.o.b. Escondido, California; the sale would be consummated by letter of credit obtained through a Boston bank; and the sale would be governed by California law.

The plaintiff contends that the facts, as alleged, demonstrate that the defendant did purposefully enter into a contract with a domestic corporation which required partial performance in New Hampshire. The plaintiff points to RSA 300:14, which provides that "[i]f a foreign corporation makes a contract to be performed in whole or in part by either party in New Hampshire," the foreign corporation will be deemed to have done business in the State and thereby agreed to have the Secretary of State as its agent upon whom process may be served in connection with any litigation arising out of that contract. *Id.* The plaintiff maintains that its own acceptance constituted the contemplated partial performance in New Hampshire. It concludes from this that the superior court's application of RSA 300:14 was correct and permissible under the federal constitution, since the defendant had the requisite "minimum contacts" with the State. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

■■ The performance of any part of a contract in New Hampshire by either the domestic or the foreign party renders RSA

300:14 applicable to the foreign corporation. *Town of Haverhill v. City Bank and Trust Co.,* 119 N.H. 409, 411, 402 A.2d 185, 187 (1979). In *Cove-Craft Industries v. B. L. Armstrong Co. Ltd.,* 120 N.H. 195, 199, 412 A.2d 1028, 1031 (1980), we held that a foreign corporation which arranged for shipment of goods to the New Hampshire purchaser "F.O.B. the [seller's] Mill" came within the statute, based on the expectation that the goods would arrive in New Hampshire and on the plaintiff-purchaser's obligations in New Hampshire to accept the goods and to pay for them. We find the rationale expressed in *Cove-Craft* to be apposite and hold that the activities of the parties in relation to the contract in question render RSA 300:14 applicable to the defendant.

Having determined that the contract in question brings the defendant within the purview of our long-arm statute, we must now determine whether subjecting the defendant to jurisdiction comports with federal constitutional due process. *See Tavoularis v. Womer,* 123 N.H. 423, 426, 462 A.2d 110, 112 (1983).

■■ In order to subject a defendant to a personal judgment, the defendant must have certain "minimum contacts" with the forum State "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. at 316 (citation omitted). In determining whether a nonresident has the required "minimum contacts" with a State, the "essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in [this] State." *Kulko v. California Superior Court,* 436 U.S. 84, 92 (1978). *See also, World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980).

■ "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.*

■■ Accordingly, merely entering into a contract with a resident, in which the sole contact with the forum is that it is the situs for reception of the goods sold, will not provide a sufficient predicate for personal jurisdiction. *Cf. Cove-Craft Industries v. B. L. Armstrong Co. Ltd.,* 120 N.H. 195, 412 A.2d 1028 (1980) (in addition to entering into the contract at issue, the foreign corporation sold products and advertised in New Hampshire with some regularity).

126

Although arguably the defendant may have foreseen the possibility of being forced to defend an action brought against it in New Hampshire, "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson, supra* at 295.

Considering the slight nature, quality and quantity of the defendant's contacts with New Hampshire, we hold that the defendant did not engage in sufficient activity in this State to make it fair and reasonable to hail the defendant before our courts.

*Reversed.*

SOUTER, J., did not sit; the others concurred.