**VELCRO GROUP CORPORATION**

v.

**Patrick BILLARANT, et al.**

No. C–87–468–L.

United States District Court,
D. New Hampshire.

April 12, 1988.

Hayes, Soloway, Hennessey & Hage by Norman P. Soloway, Manchester, N.H., William O. Hennessey, Concord, N.H., for plaintiffs.

Sulloway, Hollis & Soden by John Burwell Garvey, Concord, N.H., Fish and Richardson by Gregory A. Madera, Boston, Mass., J. Peter Fasse, Robert E. Hillman, Boston, Mass. for defendants.

## ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

This is a Federal question and diversity action for declaratory judgment of patent invalidity and non-infringement of United States Letters Patent No. 4,693,921 ("the '921 patent"), unfair competition, and antitrust violations brought by VELCRO, a corporation having its principal place of business in Manchester, New Hampshire, against defendants, APLIX, INC., a Delaware corporation having its principal place of business in North Carolina, Patrick Billarant, a General Manager of APLIX, S.A. and President of its United States subsidiary, APLIX, INC., and Bruno Queval, an employee of APLIX, INC. Both Billarant

and Queval are citizens of France and residents of North Carolina.

Defendants bring a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b). Defendants make the following asseverations: (1) Defendants are not subject to the in personam jurisdiction of this court; (2) Venue is improper as to the defendants; (3) Service of process on defendants is insufficient; and, (4) an appropriate forum with proper jurisdiction and venue exists and, thus, this court may properly dismiss or stay in favor of an alternative forum. Finally, defendants allege that only Aplix, Inc. and not Aplix, S.A., the patentee, manufactures and sells products covered by the patent in the United States. This court's jurisdiction arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1332, and the laws of the United States concerning actions related to patents, 28 U.S.C. § 1338 and 35 U.S.C. § 293.

Both Aplix, S.A. and Aplix, Inc. are manufacturers of hook-and-loop fasteners covered by the '921 patent. Defendants Billarant and Queval are named as co-inventors on the '921 patent. The patent is for a fastening tape that is attached to a molded item such as a seat cushion in which gripping hooks are turned outward to hold a seat cover containing a complementary fastening device. Products covered by the '921 patent are sold by Aplix, Inc. to the automotive industry in Detroit either by Aplix, Inc. sales employees or its exclusive licensee under the '921 patent, R.A. Caralou, Inc. of Southfield, Michigan. VELCRO manufactures and sells similar fastening tapes to the auto industry in Detroit.

On April 12, 1984, VELCRO received a letter from defendant Billarant, the purpose of which was to inform VELCRO of the '921 patent and Aplix, Inc.'s intention to protect it. On September 22, 1984, VELCRO received a second letter from Billarant in which he stated: "In view of the products which you are now manufacturing and the relation to [the '921 patent], I am writing to inform you of this patent and of our intention to protect the invention covered for it." It is alleged that customers of VELCRO were informed by Aplix, Inc. and/or its agents of VELCRO's possible infringement upon the '921 patent. It is further alleged that in early October, 1987 an agent of Ford Motor Co. notified a VELCRO employee of Aplix, Inc.'s intention to enforce the '921 patent. Thereafter, on December 4, 1987, in a response to the allegations of infringement of the '921 patent, VELCRO filed its complaint in this court.

In its complaint, VELCRO claims that a substantial and continuing controversy exists between VELCRO and defendants as to the validity and scope of the '921 patent, as to whether the fastening tapes sold by VELCRO infringe any valid claim of the '921 patent, and as to the right of defendants to threaten VELCRO and customers of VELCRO with infringement of the '921 patent. Therefore, VELCRO seeks declaratory judgment as to the patent invalidity and infringement. Furthermore, VELCRO claims that the acts of defendants constitute violations of the United States Antitrust laws, 15 U.S.C. § 2, and the New Hampshire unfair competition statute, N.H.Rev.Stat.Ann. (R.S.A.) §§ 358–A:2 & 10. Wherefore, VELCRO seeks actual damages.

On December 28, 1987, three weeks after commencement of this case, one of the defendants, Aplix, S.A. brought suit in the United States District Court for the District of Delaware against VELCRO with a single count alleging infringement of the '921 patent. None of the other defendants named in this present suit—Aplix, Inc., Billarant and Queval—are named plaintiffs in the Delaware suit. VELCRO has moved for a change of venue or to stay or dismiss the later filed Delaware suit.

"The general rule in New Hampshire is that on a motion to dismiss, the plaintiff's pleadings and all reasonable inferences therefrom are to be taken as true and considered most favorably to the plaintiffs." *Kibby v. Anthony Indus., Inc.*, 123 N.H. 272, 274, 459 A.2d 292 (1983) (citing *Jarvis v. Prudential Ins. Co.*, 122 N.H. 648, 651, 448 A.2d 407 (1982)). However,

since defendants have denied jurisdiction, plaintiffs have the burden of proving that jurisdiction exists in this court. *Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979 (1st Cir.1986).

## I. PERSONAL JURISDICTION

In determining whether or not to exercise in personam jurisdiction over a non-resident defendant,

a court must typically engage in a two-part inquiry. It must first determine whether the State's long-arm statute authorizes such jurisdiction. *Weld Power Industries v. C.S.I. Technologies,* 124 N.H. 121, 123, 467 A.2d 568, 570 (1983); *Tavoularis v. Womer,* 123 N.H. 423, 462 A.2d 110, 112 (1983); *Cove–Craft Industries v. B.L. Armstrong Co. Ltd.,* 120 N.H. 195, 198, 412 A.2d 1028, 1030 (1980). If the long-arm statute would establish jurisdiction over the defendant, the court must further ask whether the defendant has "minimum contacts" with the state sufficient to insure that suit against him there does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95] (1945) (citation omitted); *see Hall v. Koch,* 119 N.H. 639, 644, 406 A.2d 962, 965 (1979). The plaintiff bears the burden of demonstrating facts sufficient to establish personal jurisdiction over the defendant. *Weld Power Industries, supra* [124 N.H.] at 123, 467 A.2d at 469; *Kibby v. Anthony Industries, Inc.,* 123 N.H. 272, 274, 459 A.2d 292, 293–94 (1983). In determining whether this burden has been met, the court will take facts that the plaintiff has properly pleaded as true and will construe reasonable inferences therefrom in the manner most favorable to the plaintiff. *Weld, supra; Lawton v. Great Southwest Fire Ins. Co.,* 118 N.H. 607, 610 392 A.2d 576, 578 (1978); *Bell v. Pike,* 53 N.H. 473, 475 (1873).

*Phelps v. Kingston,* 130 N.H. 166, 536 A.2d 740 (1987).

*Defendants Aplix, Inc., and Aplix, S.A.*

■ R.S.A. § 510:4, I, the New Hampshire long-arm statute, provides:

Any person who is not an inhabitant of this state and who, in person or through an agent transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

Jurisdiction vests if any of the three acts enumerated within the statute are present. *See, e.g., Kinchla v. Baumner,* 114 N.H. 818, 330 A.2d 112 (1974).

VELCRO contends that both Aplix, Inc. and Aplix, S.A., in attempting to enforce the '921 patent have committed tortious acts which have damaged the business and property of VELCRO in New Hampshire. Such tortious acts include, but are not limited to, the fraudulent concealment by Aplix, S.A., alone or in concert with Aplix, Inc., of the correct inventorship of the alleged invention of the '921 patent and the alleged threatening enforcement of the '921 patent against VELCRO's customers. VELCRO claims that Aplix, S.A. and Aplix, Inc. were attempting to accelerate the prosecution of the U.S. patent application with the specific intention of securing patent protection against VELCRO.

Furthermore, VELCRO and Aplix, Inc. are direct competitors in supplying fasteners to the auto industry. Aplix, Inc.'s fasteners, covered under the '921 patent, are incorporated in cars and trucks sold and used in New Hampshire. Aplix, S.A. is the nominal owner of the '921 patent. Therefore, VELCRO claims that both Aplix, Inc., and Aplix, S.A. have transacted business in New Hampshire.

Defendants, however, contend that the tort alleged occurred outside New Hampshire. Defendants claim that Aplix, S.A., owner of the patent in issue, retained patent counsel in Charlotte, North Carolina to prosecute on its behalf an application for a

United States patent based on a previously filed patent application in France. Information was supplied to the patent attorney in North Carolina by officials of Aplix, S.A. and defendant Billarant. This information formed the basis for a patent application filed in the United States Patent and Trademark office in Washington, D.C.

Furthermore, defendants contend that the only products covered by the '921 patent are sold exclusively to the automobile industry in Detroit, Michigan, and no sales of such items have taken place in New Hampshire either by sales employees of Aplix, Inc. or R.H. Caralou, Inc., its exclusive licensee under the '921 patent. Defendants claim that the only sales by Aplix, Inc. in New Hampshire are of products not covered by the '921 patent and consist of two-tenths of one percent of total interstate sales of Aplix, Inc.

Finally, defendants claim that notice-of-infringement letters sent to New Hampshire, informing VELCRO of the '921 patent and their rights under the patent, are insufficient to vest this court with in personam jurisdiction.

New Hampshire courts apply a latitudinarian view in construing the long-arm statute. *See Hall v. Koch*, 119 N.H. 639, 644, 406 A.2d 962 (1979). In *Estabrook v. Wetmore*, 129 N.H. 520, 523, 529 A.2d 956 (1987), it was explained that the long-arm statute subjects a non-resident defendant to the jurisdiction of the New Hampshire courts when the impact of the alleged tort in New Hampshire is more than fortuitous, so that the defendant knew or should have known his conduct could injure a person here. A thorough review of the pleadings and affidavits show that the impact of the alleged torts occurred in New Hampshire.

In *Lex Computer & Mgmt. v. Eslinger & Pelton, P.C.*, 676 F.Supp. 399 (D.N.H.1987) (hereinafter Lex Computer), plaintiffs, both New Hampshire corporations, alleged that defendants sent defamatory letters to plaintiffs' customers and prospective customers stating that certain editing equipment those customers had obtained or could obtain from plaintiff was covered by a patent held by defendant. Similar to this case, in *Lex Computer*, plaintiffs requested a declaratory judgment that the defendants' patent was invalid and injunctive relief prohibiting defendants from making defamatory statements. Plaintiffs also sought damages under various tort claims. Defendants claimed lack of in personam jurisdiction and plaintiff countered by arguing that the letters adversely effected their business in New Hampshire. The court held:

> In the instant case, the torts allegedly committed by defendant do not involve physical injury, the injury alleged is defamation and harm to plaintiffs' business relations. Accordingly, because plaintiffs' principal place of business is in New Hampshire and harm is alleged to be located in New Hampshire, the Court finds that defendants' conduct results in a New Hampshire tort.

*Id.* at 403 (citations omitted).

It has been alleged that Aplix, Inc. and Aplix, S.A. fraudulently procured the '921 patent with the specific intention of directing that patent against VELCRO, a New Hampshire citizen. It is further alleged that Aplix, Inc. deliberately set about to disaffect VELCRO's customers by telling them—through their agent—that VELCRO was infringing the '921 patent. The affidavit of James David Jones reveals that in early October, 1987, a purchasing agent of Ford Motor Co. was informed by R.A. Casolou, Inc., agent of Aplix, Inc. of VELCRO's alleged infringement. Complaint, *Exhibit 7*. In defendants' memorandum in support of their motion to dismiss, defendants state that they have informed "plaintiff and other infringers" of their intentions to enforce their patent. It is alleged that "other infringers" include customers of VELCRO. VELCRO claims harm to its business relations. VELCRO has alleged unfair methods of competition and unfair deceptive acts and practices in violation of N.H.R.S.A. §§ 358–A:2 & 10. Nowhere can the impact of the alleged harm be felt more directly than in New Hampshire, VELCRO's principal place of business. "If the loss occurred in New Hampshire, the injury occurred here." *Lex Computer*, 676

F.Supp. at 403. This court opines that defendants' conduct results in a New Hampshire tort.

A succinct examination of the pleadings and affidavits indicates that plaintiff has met its burden of showing defendants knew or should have known their conduct could injure a person here. *Estabrook, supra.* On october 14, 1958, Aplix, S.A. was granted exclusive manufacturing rights in France of fasteners designed by VELCRO GROUP. Thus, Aplix, S.A. was intimately familiar with and knowledgeable of VELCRO, USA Inc., plaintiff in the instant case and a member of VELCRO GROUP International. Furthermore, defendant Billarant, president of Aplix, Inc., sent notice of infringement letters to VEL-CRO at its Manchester, New Hampshire headquarters. Finally, VELCRO and Aplix, Inc. are in direct competition in supplying fasteners to the auto industry. Therefore, the court finds that defendants' activities fall under R.S.A. § 510:4, I's provisions regarding tortious activity in New Hampshire and subject defendants to the New Hampshire long-arm statute.

Next, this court must determine whether defendants' contacts with the state are sufficient to satisfy the due process requirements of *International Shoe, supra* and its progeny. That is, whether the quality and nature of the defendants' activity are such that it is "reasonable" and "fair" to require him to conduct his defense in this state. *Tavoularis v. Womer,* 123 N.H. at 427, 462 A.2d 110 (citing *Kulko v. California Superior Court,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978)). Defendant's activities within the state must make it foreseeable that he reasonably should anticipate being haled into court here. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980).

Taking VELCRO's pleadings and all reasonable inferences therefrom as true, it is reasonably foreseeable that Aplix, Inc. and Aplix, S.A., in fraudulently procuring a patent to the direct detriment of VELCRO, a New Hampshire corporation, would reasonably anticipate being sued in New Hampshire. VELCRO has made a prima facie showing that defendants, by warning VEL-CRO and its customers in the United States that fastening tapes sold by VELCRO infringe the '921 patent, purposefully directed its activities at VELCRO, a New Hampshire corporation. *See Burger King v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (wherein "minimum contacts" are established when defendant "purposefully directs" his activities to residents of the forum state). In *Lex Computer, supra,* it was explained:

If CBS through its agent Eslinger & Pelton sent letters to Montage customers saying that the Montage Picture Processor interfered with its patent, it should have anticipated the harm to Montage's business. In fact the alleged statement of Mr. Olson that Eslinger & Pelton sent the letters to Montage customers to get plaintiffs' attention shows that defendant recognized that its letter would have an impact on Montage. To the extent that the letters harmed plaintiffs' business, and the damage occurred in New Hampshire, CBS should have reasonably anticipated being "haled into court" here.

676 F.Supp. at 405.

A substantial and continuing controversy exists between VELCRO and defendants with regard to the right of defendants to threaten or maintain suit against VELCRO for the infringement of the '921 patent and to the validity and scope of the '921 patent. If VELCRO can show that the '921 patent was fraudulently procured, that defendants engaged in unfair trade competition and that such activities resulted in an attempt to prevent the sale of VELCRO's products to its customers, then the brunt of this harm would be felt in New Hampshire.

Therefore, jurisdiction is proper in New Hampshire because the "effects" of defendants' out-of-state conduct make it reasonable and fair to require them to conduct their defense in New Hampshire. *See Calder v. Jones,* 465 U.S. 783, 789, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1983) (citing *World–Wide Volkswagen,* 444 U.S. at 298–99, 100 S.Ct. at 567–68)).

This court is not swayed by the fact that only Aplix, Inc. manufactures and sells hook-and-loop fasteners covered by the '921 patent in the United States. Aplix, Inc. is a wholly owned subsidiary of Aplix, S.A. The assignee under the '921 patent is Aplix, S.A. The makeup of the management and boards of directors of the two companies has significant overlap. Defendant Billarant is general manager of Aplix, S.A. and president of its United States subsidiary, Aplix, Inc. Billarant, *Affidavit* p. 1. Jurisdiction as to both companies is proper. *See Brunswick Corp. v. Suzuki Motor Co.*, 575 F.Supp. 1412 (E.D. Wis.1983).

### Defendants Billarant and Queval.

■ Defendants Billarant and Queval are officers of Aplix, Inc. Billarant is general manager of Aplix, S.A. Jurisdiction over the individual officers of a corporation, however, may not be based on jurisdiction over the corporation. *Lex Computer*, 676 F.Supp. at 405 (citing *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir.1980)). To assert personal jurisdiction over Billarant and Queval, "plaintiffs must demonstrate [their] direct involvement in some decision or action which is causally related to plaintiff's alleged injury, apart from defendants' mere status as ... corporate officer[s]". *Id.*

■ In this case, defendants, Billarant and Queval are listed as co-inventors of the '921 patent. The fraudulent acts alleged by VELCRO include the fraudulent concealment by Billarant and Queval of the correct inventorship of the alleged invention of the '921 patent. Specifically, it is alleged that both defendants Billarant and Queval failed to disclose prior act references in violation of 37 CFR 1.56. Furthermore, VELCRO's memorandum of law in objection to defendants' motion to dismiss reveals that Billarant and Queval were heavily involved in the prosecution of the U.S. patent application. Finally, defendant Billarant sent the notice-of-infringement letters to VELCRO at its Manchester, New Hampshire headquarters. This court opines that both defendants Billarant and

Queval had direct personal involvement in the action which has allegedly injured VELCRO in New Hampshire. Thus, personal jurisdiction as to all defendants is proper.

## II.  VENUE

Venue in declaratory actions for patent invalidity is governed by the general venue statute, 28 U.S.C. § 1391, and not by the patent venue statute, 28 U.S.C. § 1400(b). *Lex Computer*, 676 F.Supp. at 406. The same is true for antitrust cases. C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3818 p. 175 (1986) (hereinafter Wright & Miller). Defendants contend that venue is improper in New Hampshire under 28 U.S.C. § 1391(b), (c) & (d), which provides that:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

> (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

> (d) An alien may be sued in any district.

■ Plaintiffs have the burden of establishing proper venue in this district. *Lex Computer*, 676 F.Supp. at 406. In a case with multiple claims, venue must be proper as to each claim. *Id.* Thus, in the instant case, VELCRO must establish that venue is appropriate in the district for the declaratory action for patent invalidity (Count I), the state law claim of unfair competition in violation of R.S.A. §§ 358–A:2 & 10 (Count II) and the alleged violation of United States antitrust laws, (Count III).

■ Initially, it must be recognized that venue is proper as to defendant Aplix, S.A. of France. The rule that an alien can be sued in any district applies to a corporation incorporated in a foreign country just as it does to alien individuals. Wright & Miller, *supra*, § 3810 p. 95 (1985). *See also* 28 U.S.C. § 1391(d).

■ Since it cannot be argued success-fully that Aplix, Inc. is "doing business" in New Hampshire within the meaning of § 1391(c), *see Johnson Creative Arts v. Wool Masters*, 743 F.2d 947, 954 (1st Cir. 1984), this court's scrutiny as to the propri-ety of venue for the remaining defendants revolves on whether the claims asserted by VELCRO arose in this jurisdiction.

VELCRO's state law claim of unfair com-petition sounds in tort. In *Lex Computer* it was held;

> It is well established in this district that a tort claim arises in the jurisdiction where the injury occurs. *Centronics Data Computer [Corporation v. Man-nesmann, A.G.,] supra*, 432 F.Supp. [659] at 661 [(D.N.H.1977)]. The Court found jurisdiction over defendants herein based on plaintiffs' assertion that letters sent to Montage customers harmed plain-tiffs' business in New Hampshire. If the injury occurred in New Hampshire, then the tort claims arose in New Hampshire, and venue is appropriate under section 1391(b).

676 F.Supp. at 406. Therefore, since the injury complained of is damage to VEL-CRO's business operations in Manchester, New Hampshire, venue is appropriate un-der section 1391(b) as to all defendants.

■ As to VELCRO's claim of patent invalidity, defendants argue that venue is improper since the events giving rise to the claims asserted by VELCRO occurred in France, Charlotte, North Carolina or Wash-ington, D.C., where Aplix, S.A. acquired the '921 patent. This court, however, agrees with the reasoning of *Chromium Indus. Inc. v. Mirror Polishing & Plating Co.*, 193 U.S.P.Q. 158 (BNA) (N.D.Ill.1976), referred to in *Lex Computer*, 676 F.Supp. at 406.

In *Chromium*, plaintiff, an Illinois corpo-ration and defendant, a Connecticut corpo-ration, were engaged in direct competition with each other in processing and distribut-ing throughout the United States certain industrial articles applying teflon coatings. Defendant owned a patent for its product. On January 13, 1971, defendant, by letter sent to plaintiff at its Chicago of-fices, charged the plaintiff with in-fringing said patent by reason of the manufacture and offering for sale of Tef-lon-coated chromium-plated rolls (Pl.Ex. A). In a subsequent letter, dated No-vember 29, 1971, sent to plaintiff's Chica-go counsel (Pl.Ex. B), the defendant charged that plaintiff's failure to cease its alleged infringement would be " * * * deemed a sufficient ground to proceed with appropriate coercive litigation with-out further notice to * * * [plaintiff]." This letter was sent by defendant's Chi-cago counsel (Pl.Ex. 3).

*Id.* Plaintiff denied any infringement and filed a declaratory judgment action asking the court to declare defendant's patent in-valid and not infringed by plaintiff. De-fendant argued, *inter alia*, that venue was improper under section 1391(b) & (c) since defendant had no contact with Illinois and the claim did not arise there. The court held:

> Venue is proper under 28 U.S.C. § 1391(b) and (c), because the claim arose in this jurisdiction. The claim arose here for the same reasons the defendant sub-mitted itself to in personam jurisdiction, namely, the *notification of infringe-ment sent to plaintiff in this district.*

*Id.* (emphasis added) (citation omitted).

Furthermore, in *Imperial Products, Inc. v. Zuro*, 176 U.S.P.Q. 172 (BNA) (D.Minn. 1971) Imperial, a Minnesota Corporation was informed by defendant of patent in-fringement. A declaratory judgment ac-tion was filed in Minnesota by Imperial and defendant, an Illinois corporation, made the same venue argument as in *Chromium*. The court, in finding proper venue stated: "The charge of infringement created such a situation in the District of Minnesota; it permitted Imperial to seek judicial determi-nation of its claim that the ... patent and the copyrights are invalid."

In this case, the two notices of infringe-ment letters were sent by defendant Billar-ant to VELCRO at its New Hampshire headquarters. The letter gave VELCRO notice of defendants' intentions to protect its patent. VELCRO believed that such letters threatened suit to enforce a patent

that VELCRO alleged was fraudulently procured. Thus, this warning, alleged in paragraph 11 of VELCRO's complaint along with notification to VELCRO's customers of possible infringement, eventually resulted in the declaratory action for patent invalidity filed in this court.

In *Lex Computer*, however, the court questioned the validity of the *Chromium* court's approach to venue in the light of the "weight of the contacts" test set forth in *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). In *Leroy* the Court made clear that it would be an unusual case where the claim arises in more than one district. In these unusual cases, the court suggested that the "claim arose" provision should be interpreted with reference to the availability of witnesses, other relevant evidence and the convenience of the defendants, not the plaintiff. *Id.* at 185, 99 S.Ct. at 2717. However, the Court certainly did not define what the unusual case was and has left lower courts with little guidance. *See* Wright & Miller, *supra* § 3806 at pp 49–72.

■ This court opines that in a declaratory action for patent infringement the "unusual case" is met when notice-of-infringement letters are sent to the forum state and the brunt of the injury complained of is felt in the forum state. In *Grappone, Inc. v. Subaru of America, Inc.*, 403 F.Supp. 123, 133 (D.N.H.1975) the court stated:

I agree that, in determining where the claim arose, courts should use the weight of the contacts test, but I also feel that the place of injury should be given great weight and consideration by the court; a failure to give "heavy" weight to the place of injury would enable a foreign corporation to make policy decisions in a distant state which violate the antitrust laws, and yet force the aggrieved party to travel to the wrongdoer's home district to litigate the suit.

Finally, a finding of proper venue in this case "will facilitate use of the Declaratory Judgment act by potential defendants who desire to avoid incurring damages which may imperil their very existence." *Med-tronic Inc. v. American Optical Corp.*, 327 F.Supp. 1327, 170 U.S.P.Q. 252, 255 (BNA) (D.Minn.1971). Venue is therefore proper in this jurisdiction as to plaintiff's claim for patent invalidity.

■ Count III of VELCRO's complaint alleges monopolization of the market for fastening tapes for attachment to molded articles in violation of U.S. antitrust laws, 15 U.S.C. § 2, and as a result of such acts, VELCRO has suffered damage to its business property. Although none of the defendants were ever licensed under New Hampshire law to transact business in this state, nevertheless VELCRO's business and the damage sustained as a result of the monopoly charged, both took place within the confines of New Hampshire. *See Grappone, Inc.*, 403 F.Supp. at 133. In this case VELCRO's antitrust cause of action "is not derived from the mere conspiracy charged, but from the damage proximately resulting therefrom." *Id.* (quoting *Electric Theater Co. v. Twentieth Century-Fox F. Corp.*, 113 F.Supp. 937, 940 (W.D.Mo.1953)). Venue is proper as to VELCRO's claim for antitrust violations.

■ Aplix, S.A. has filed a complaint for patent infringement in the Federal District Court of Delaware. Furthermore, venue is proper in the District of Delaware. Thus, defendants ask this court to dismiss or stay VELCRO's claim filed in this court in favor of an alternative forum. *See* 28 U.S.C. § 1400(b); *Gordon v. Matthews*, 273 F.2d 525 (D.C.Cir.1959).

Jurisdiction and venue are proper as to both parties in Delaware merely because both corporations are incorporated there. However, the claim arose in New Hampshire and VELCRO has allegedly suffered injury here. New Hampshire has a strong interest in providing a forum for its residents to redress injuries suffered here. *Cove–Craft Indus. v. B.L. Armstrong Co. Ltd.*, 120 N.H. 195, 201, 412 A.2d 1028 (1980). This court refuses to grant a stay or dismiss this action.

## III. SERVICE OF PROCESS

■ Defendants claim that service of process on defendants by personal service

on the New Hampshire Secretary of State and by registered mail is insufficient. Specifically, defendants contend that neither Aplix, Inc. or Aplix, S.A. are transacting business within New Hampshire.

Service of process must be made pursuant to the provisions of Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e), which provides for service upon a party not a resident of the state in which the district court is held, allows for service to be made pursuant to R.S.A. § 510:4, II. Service has been completed on defendant Queval evidenced by his return receipt. It is alleged that defendant Billarant and Aplix, Inc., knowing full well the contents of the registered mail packages sent to them, have refused acceptance. Furthermore, service on Aplix, S.A. in France has or is expected to be completed shortly. Having found all defendants subject to the jurisdiction of this court, as provided in R.S.A. § 510:4, I (New Hampshire long-arm statute), this court opines that VELCRO's method of process is sufficient.

## CONCLUSION

In this case VELCRO has sufficiently pled facts as to the validity and scope of the '921 patent. This court has subject matter jurisdiction over VELCRO's claims. Furthermore, the exercise of personal jurisdiction over all defendants does not offend traditional notions of fair play and substantial justice. Finally, venue is appropriate against defendants on all claims. Therefore, defendant's Motion to Dismiss (Doc. # 7) is hereby denied.