CONCORD LABS, INC., Smiths Industries Medical Systems, Inc.

v.

**BALLARD MEDICAL PRODUCTS.**

No. C–87–423.

United States District Court,
D. New Hampshire.

June 9, 1988.

Dike, Bronstein, Roberts, Cushman and Pfund by Sewall P. Bronstein and Ronald I. Eisenstein, Boston, Mass., Devine, Millimet, Stahl & Branch by Richard C. Nelson, Manchester, N.H., for plaintiffs.

McLane, Graf, Raulerson & Middleton by James R. Muirhead, Manchester, N.H., Dickstein, Shapiro & Morin, Sallie H. Helm by Gary M. Hoffman and Michael C. Greenbaum, Vienna, Va., for defendant.

### ORDER ON MOTION TO DISMISS

LOUGHLIN, District Judge.

This is an action brought by Concord Laboratories, Inc. and Smiths Industries Medical Systems, Inc. (Concord and SIMS) seeking declaratory judgment of the unenforceability, invalidity and non-infringement of certain U.S. Letters Patents, as well as declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and by way of further relief that Ballard Medical Products (Ballard), be enjoined from the alleged use of unfair competition methods, violations of federal anti-trust laws, and violations of the N.H. Consumer Protection Act.

Defendant Ballard brings a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(2) & (3), claiming that the defendant is not subject to the in personam jurisdiction of this court and, alternatively, that venue is improper as to the defendant.

Concord, SIMS, and Ballard manufacture and market specialized products for use in the medical community. Concord and SIMS manufacture, *inter alia*, a closed

ventilation aspiration system under the trademark STERI–CATH. Ballard also manufactures and markets a closed ventilation aspiration system which it markets under the name TRACH–CARE.

By letter dated October 28, 1987, Ballard, through its attorneys, wrote to both plaintiffs claiming that plaintiffs' product, STERI–CATH, infringed upon certain claims to U.S. Letters Patents owned by Ballard. The letter further requested that Concord and SIMS cease manufacturing, using, or selling the STERI–CATH PRODUCT, and promised to bring suit if Concord and SIMS did not stop manufacturing, using, or selling STERI–CATH.

Plaintiffs also allege that customers of Concord and/or SIMS were informed by Ballard and/or its agents of the plaintiffs' possible infringement of the patents referred to in the defendant's October 28th letter.

Shortly thereafter Concord and SIMS filed this action in response to the allegations of infringement by Ballard. The plaintiffs in their complaint assert that an actual controversy, arising out of that October 28th letter, exists as to whether the plaintiff's product STERI–CATH infringes upon any patent owned by the defendant and also as to the validity and enforceability of the patent at issue.

Plaintiffs further assert that the alleged contact by Ballard of the plaintiff's customers constitutes unfair competition and violates both the United States anti-trust laws and the New Hampshire Consumer Protection Act, N.H. Revised Stat.Ann. ch. 358–A (1983). The plaintiffs seek injunctive relief and damages for injuries sustained as to these claims.

■ The standard for granting a motion to dismiss is not whether or not the plaintiff is likely to prevail on the merits, but only whether the plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears that appellant could "prove no set of facts in support of his claim which would entitle him to relief." *Jenkins v. McKeith-*

*en*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), *reh'g denied*, 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969). "It is axiomatic in New Hampshire that in ruling on a motion to dismiss, all facts properly plead by plaintiff are deemed true, and all reasonable inferences derived therefrom are construed most favorably to the plaintiff." *Weld Power Indus. v. C.S.I. Technologies, Inc.*, 124 N.H. 121, at 123, 467 A.2d 568 (1983) (citing *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 610, 392 A.2d 576 (1978); *Bell v. Pike*, 53 N.H. 473, 475 (1873)).

## I. PERSONAL JURISDICTION

■ The standard to be applied in determining whether or not a court may exercise in personam jurisdiction over non-resident defendant entails a two-part inquiry. The court first must find that the State's long-arm statute authorized such jurisdiction. *Weld Power Indus. v. CSI Technologies*, 124 N.H. 121, 123, 467 A.2d 568, 570 (1983). Second, "due process requires ... that in order to subject a defendant to a judgment in personam, if he not be present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). Where the defendant has challenged the court's ability to exercise in personam jurisdiction over him, it becomes plaintiff's burden to demonstrate facts sufficient to establish such jurisdiction. *Weld Power Indus.*, 124 N.H. at 123, 467 A.2d 568 (citing *Kibby v. Anthony Indus.*, 123 N.H. 272, 274, 459 A.2d 292 (1983)). Here, the defendant has raised the issue of jurisdiction through its Motion to Dismiss and accordingly the plaintiff is put to its burden.

### A. *Long-arm jurisdiction*

■ The threshold inquiry begins then with a determination of whether or not jurisdiction exists under the New Hampshire long-arm statute, for if jurisdiction

fails here then an examination of the constitutional analysis is unnecessary.

New Hampshire's "long-arm statute" provides in pertinent part:

Any person who is not an inhabitant of this state and who, in person or through an agent, transacts any business within this state, or has the ownership, use or possession of personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

N.H.Rev.Stat.Ann. § 510:4 (1983).

The New Hampshire Supreme Court has consistently held that this section must be construed in the broadest legal sense in order to effect legislative purpose. *Hall v. Koch,* 119 N.H. 639, 406 A.2d 962 (1979); *Tavoularis v. Womer,* 123 N.H. 423, 462 A.2d 110 (1983). Accordingly, jurisdiction will be found where any of the three instances enumerated in the statute are present. *See Kinchla v. Baumner,* 114 N.H. 818, 330 A.2d 112 (1974).

Concord and SIMS claim that by attempting to enforce the patents, Ballard has committed tortious acts which have damaged the property of plaintiffs and caused economic harm to plaintiffs in New Hampshire. Such tortious acts include, but are not limited to Ballard's alleged threat of enforcement of the patent at issue against both plaintiff and plaintiff's customers.

Plaintiffs allege that Ballard is misusing invalid and unenforceable patents to compete unfairly, violate anti-trust laws, and violate New Hampshire fair trade laws, with injury resulting to a New Hampshire business. By sending a letter to the plaintiff threatening attempted enforcement of these patents at its New Hampshire place of business, plaintiffs contend that Ballard "purposefully and tortiously sought to reduce competition and thereby improve its marketing and economic position in New Hampshire and elsewhere." *Plaintiffs' opposition to Defendant's Motion to Dismiss,* p. 17.

The rule in New Hampshire is that a defendant will be subject to personal jurisdiction under the State's long-arm statute "when the impact in New Hampshire of the defendant's out of state conduct has allegedly resulted in a New Hampshire tort and was more than fortuitous, so that the defendant knew or should have known his conduct could injure a person here." *Lex Computer & Mgmt. Corp. v. Eslinger & Pelton, P.C.,* 676 F.Supp. 399, 403 (D.N.H. 1987) (hereinafter *Lex Computer*).

In *Lex Computer,* the sending of a letter by a non-resident to a New Hampshire corporation notifying the corporation of an alleged patent infringement and its customers of the same was held to constitute tortious activity sufficient to satisfy the requirements of the New Hampshire long arm statute. The court explained:

If, as plaintiff alleges, defendants sent defamatory letters to [plaintiffs'] ... customers and prospective customers that the ... equipment those customers had obtained or could obtain from [plaintiff] ... was covered by a patent ... and if this adversely affected plaintiffs' business relations, the effect was felt in New Hampshire.

*Id.* see also *Velcro Group Corp. v. Billarant,* 692 F.Supp. 1443 (D.N.H.1988 (hereinafter *Velcro*).

A review of the pleadings, affidavits etc. demonstrates that the impact of the alleged torts here, as in the *Lex Computer* case, occurred in New Hampshire. As discussed earlier, the harm alleged is harm to plaintiff's property and business economy; plaintiff's principal place of business is in New Hampshire. "[T]he alleged tortious conduct was aimed specifically at [the plaintiffs,] ... whose ... principal place of business is New Hampshire." *Centronics Data Computer Corp. v. Mannesmann,* 432 F.Supp. 659, 666 (1977). Accordingly, the acts complained of would constitute a New Hampshire tort. Furthermore, plaintiffs' assertions of said tortious activity have not been disputed by the defendant. This fact, combined with the general rule that the plaintiff's "pleadings and all reasonable inferences therefrom are to be taken as true and considered most favorably to the plaintiffs," *Kibby, supra* 123 N.H. at

274, 459 A.2d 292, make it clear that the requirements of New Hampshire's long-arm statute have been met by the defendant Ballard.

Therefore, this court opines that the activities of the defendant, as alleged by the plaintiff constitute tortious activity sufficiently within the provisions of New Hampshire's long-arm statute. Further, as the statute requires that only one of the three acts enumerated be engaged in by the non-resident defendant, that condition having been satisfied by the defendant's activities, it is unnecessary to inquire as to whether or not the other enabling provisions of RSA 510:4 may apply to this case.

### B. *Minimum Contacts*

■ The court next addresses the issue of whether or not the defendant had sufficient contact with the state to satisfy the due process requirement of *International Shoe*, the second part of a two-party inquiry.

In accordance with *International Shoe* and its progeny, this court must determine whether the defendant had sufficient contacts with New Hampshire "to make it reasonable and just, according to our traditional conception of fair play and substantial justice" to permit the state to subject it to judgment. *International Shoe*, 326 U.S. at 320, 66 S.Ct. at 160. Additionally, the defendant's conduct and connection within the State of New Hampshire must make it reasonable that defendant would anticipate being haled into court here. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1979).

In this case, minimum contacts were established when the defendant "purposefully direct[ed]" its activities to a New Hampshire corporation. *See Burger King v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985) (wherein "minimum contacts" are established when defendant "purposefully directs" his activities to residents of the forum state).

If Ballard, through its agent, sent letters charging patent infringement and threatening enforcement to Concord, SIMS and allegedly Concord and SIMS' customers, Ballard should have anticipated harm to plaintiffs. "To the extent that the letters harmed plaintiffs' business and the damage occurred in New Hampshire, defendant [Ballard] . . . should have reasonably anticipated being haled into court here." *Lex Computer*, 676 F.Supp. at 405. *See also Velcro*, at 1448. Since the brunt of the harm would be felt in New Hampshire at the plaintiff's principal place of business, jurisdiction is proper in "New Hampshire based on the 'effects' of the defendants out-of-state-conduct." *Lex Computer*, 676 F.Supp. at 404 (citations omitted).

It would not violate the fairness requirement of *International Shoe* to subject defendants to the jurisdiction of a New Hampshire court.

New Hampshire has a strong interest in exercising jurisdiction over those who commit torts within its boundaries. *Estabrook v. Wetmore*, 129 N.H. 520, 529 A.2d 956 (1987). *See generally Keeton v. Hustler*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The Supreme Court has held that public policy interests are valid considerations when making inquiries into fairness for purposes of jurisdictional due process. "It is beyond dispute that New Hampshire has a significant interest in redressing injuries that actually occur within the State." *Keeton*, 465 U.S. at 776, 104 S.Ct. at 1479.

Accordingly, this court opines that since the defendant has satisfied both the requirements of New Hampshire's long-arm statute and the constitutional issue of due process, jurisdiction exists over defendant Ballard.

### II. VENUE

Venue in this action is governed by 28 U.S.C. § 1391, the general venue statute, and not by the patent venue statute, 28 U.S.C. § 1400(b). *Lex Computer*, 676 F.Supp. at 406. Defendants here contend that venue is improper under 28 U.S.C. § 1391(b) and (c), which provides in pertinent part:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizen-

ship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business *or is doing business* and such judicial district shall be regarded as the residence of such corporation for venue purposes.

(emphasis added).

Defendant Ballard contends that since it is neither incorporated, nor licensed to do business, nor doing business in New Hampshire, the requirements of 28 U.S.C. § 1391 are not satisfied and venue is improper in New Hampshire. *See Defendant's Motion to Dismiss*, p. 6.

■ Plaintiffs have the burden of establishing proper venue in this district; venue must be proper as to each claim. *Lex Computer*, 676 F.Supp. at 406 (citations omitted). *See also* C. Wright, A. Miller & E. Cooper, 15 *Federal Practice and Procedure* § 3808, 3826 (hereinafter Wright & Miller). Therefore the plaintiffs, Concord and SIMS, must establish that venue is proper as to each of their claims.

Plaintiffs assert that venue is proper under 28 U.S.C. § 1391(c) because the defendant is "doing business" within the meaning of § 1391(c). In support of this assertion, the plaintiffs submit a plethora of documents detailing the contacts that the defendant, and its employees, have had with this state.

■ Defendant Ballard asserts that it has had minimal, if any, contact with this state for the purposes of 28 U.S.C. § 1391(c). Ballard is correct in its assertion that proper venue is determined as of the date the complaint was filed. *Hoffman v. Blask*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Ballard further contends that the very limited contact it has with the state (for purposes of 28 U.S.C. § 1391(c)) took place subsequent to the plaintiffs' filing of this suit.

The First Circuit has recently addressed the issue of what constitutes "doing business" under 28 U.S.C. § 1391(c). The court

held in *Johnson Creative Arts v. Wool Masters*, 743 F.2d 947 (1st Cir.1984) in distinguishing the "minimum contacts" test for personal jurisdiction from the "doing business" test for proper venue:

The minimum contacts test for personal jurisdiction is based on the *minimum* amount of 'fairness' required in order to comport with due process. Venue limitations generally are added by Congress to insure a defendant a fair location for trial and to protect him from inconvenient litigation.

*Id.* at 949.

In *Johnson Creative Arts*, the court recognized the problems inherent in trying to establish a "uniform test" for determining when venue is proper under 28 U.S.C. § 1391(c). The court, without establishing such a uniform test, held that in the case at bar the "doing business" requirement was not satisfied. Venue was determined to be improper even though the defendant appellee solicited business in the state by mail and phone, received orders from there by mail and phone, regularly shipped goods to the state for resale and received payment for the shipped goods. *Id.* at 955.

The operative facts upon which the court rested its decision that venue was improper ostensibly are that the defendant-appellee had no office or warehouse in the state, no employees working in the state on a regular basis, and did not have representatives engaged in personally soliciting and accepting orders; the latter activity was conducted exclusively through the mail and by phone. Additionally, all of the company's operations were located in another state. *Id.*

■ Defendant Ballard asserts its position is analogous to that of the defendant-appellee in *Johnson Creative Arts*, and therefore this complaint should be dismissed for improper venue. This court does not agree. A thorough review of the record in this case establishes that Ballard does indeed engage in activities in New Hampshire which can only be characterized as "doing business."

In contrast to the pivotal facts of *Johnson Creative Arts*, Ballard does have employee(s) who work in New Hampshire on a regular basis, and have worked in New Hampshire on a regular basis since at least October, 1985, long before this action was filed. Pircio Deposition, pp. 27–29.

Additionally, these representatives' duties include personally soliciting business and they receive commissions for sales made within their "territories." Ballard deposition, p. 21; Foley deposition pp. 46–47; Ballard Affidavit, par. 6; Foley Deposition pp. 38, 55; Treschitta Deposition pp. 77, 79–81.

Furthermore, the sales representative currently employed by Ballard, who was hired *prior* to the instigation of this suit, "works out of his home in New Hampshire, makes and receives business calls there and distributes to potential purchasers of Ballard products a Ballard business card with his New Hampshire 12 (address and telephone number." *Plaintiffs' Opposition to Defendant's Motion for Dismissal of the Complaint,* p. 22.

Accordingly, this court finds the defendant's claim that it does not "do business" in New Hampshire for the purpose of 28 U.S.C. § 1391(c) to be meritless.

The plaintiffs have met their burden of establishing that venue is proper in this district under 28 U.S.C. § 1391(c) for the federal question claims raised in their complaint (counts I, II & III).

As to the ancillary state claim (count IV) arising under New Hampshire's consumer protection statute, for alleged unfair competition and deceptive or unfair acts, the appropriateness of venue for this claim was not an issue raised by the defendant in its Motion to Dismiss. The general rule holds that failure to raise such an objection in the defendant's original Motion to Dismiss under Fed.R.Civ.P. 12(b) constitutes a waiver of the privilege to object later. Fed.R.Civ.P. 12(g) & (h), *See also* Wright & Miller, § 3826. Nonetheless, the issue is addressed to eschew any potential subsequent concern as to this matter.

In order for venue to be appropriate as to the state law claim, which is governed by 28 U.S.C. § 1391(b), it must be brought in the district where "all the defendants reside, or in which the claim arose...."

It is well-settled in New Hampshire that a tort claim arises in the jurisdiction where the injury occurs. *Lex Computer,* 676 F.Supp. at 406; *Centronics Data,* 432 F.Supp. at 661.

Personal jurisdiction in this case is proper under New Hampshire's long-arm statute based on plaintiffs' assertion that defendant's activities had been tortious and harmed plaintiffs' business which is located in New Hampshire. If the injury alleged occurred in New Hampshire, then the tort claims occurred in New Hampshire. Thus, venue is appropriate under 28 U.S.C. § 1391(b). *See Lex Computer,* 676 F.Supp. at 406; *See also Velcro,* at 1451.

Insofar as footnote 1 of defendant Ballard's Motion to Dismiss states with respect to patent number 3,991,762 that plaintiffs have failed to include a necessary and indispensable party, this court will treat such asseveration as a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(7). Defendant must be reminded that its use of a footnote to form a quasi-motion to dismiss under Rule 12 is untoward. However, this court will address the contention.

In such a motion, the burden is on the moving party to show the nature of the unprotected interests of the absent parties. 5 Wright & Miller § 1359. Here, Ballard has not met its burden in demonstrating that such unprotected interests exist. Further, the defendant fails to address the issue of why the patent was claimed as its own in the October 28, 1987 letter to the plaintiffs claiming infringement and threatening enforcement, and only in the first footnote in its Motion to Dismiss does it disclaim ownership.

The plaintiffs assert that the so-called "indispensable and necessary party" was dismissed, with Ballard's consent, from a subsequent, similar law suit filed by Ballard and the third party against Concord and SIMS, after both parties concluded

that the patent at issue had been assigned to Ballard. *Plaintiffs' Opposition to Defendant's Motion for Dismissal of the complaint,* p. 23. Plaintiffs additionally assert that Ballard has made statements, and signed agreements to the effect that it is the owner of the patent in dispute. *Id.* at 24.

In light of the failure of Ballard to produce any evidence, or otherwise demonstrate that necessary and indispensable parties exist, this court refuses to dismiss this action under 12(b)(7).

In summary, this court finds no basis for granting defendant's Motion to Dismiss. Having found defendant satisfies both the requirements of New Hampshire's long-arm statute and the due process clause of the Fourteenth Amendment, this court has personal jurisdiction over the defendant. Furthermore, venue is proper as to both the federal question claims of the plaintiff and the state law claim, under 28 U.S.C. § 1391(b) and (c). Finally any motion to dismiss that the defendant may bring for failure to include necessary and indispensable parties pursuant to 12(b)(7) is without merit. Accordingly, defendant's Motion to Dismiss (Doc. # 13) is denied.