Grafton,      }
March 7, 1905. }

### WILLIAMS v. MATHEWSON & a.

A demurrer to a bill in equity admits the truth of all material facts stated in the bill which are well pleaded, but not of inferences or conclusions of law which the plaintiff incorporates therein.

A lessee of real estate who is wrongfully dispossessed may ordinarily obtain redress by an appropriate proceeding at law, and cannot employ the equitable remedy of injunction unless it clearly appears that otherwise he must suffer irreparable injury, for which an action at law will not afford adequate relief.

An allegation of irreparable injury does not preclude the court from examining the facts set forth in a bill in equity, for the purpose of determining the extent and character of the threatened mischief.

An evicted tenant cannot invoke the aid of equity for the purpose of regaining possession, on the ground that a multiplicity of suits will thereby be avoided, if no reason appears why the rights of the parties cannot be finally adjudicated in a single suit at law.

The financial irresponsibility of one of the parties defendant does not justify a resort to equity for the adjudication of a right properly determinable in a suit at law.

BILL IN EQUITY, alleging that on August 1, 1901, the defendant Charles C. Mathewson leased to the plaintiff two rooms in a building in Warren for the term of three years from that date;

that the plaintiff thereupon entered into the occupancy of the rooms, which were suitable for carrying on his business as a conveyancer and insurance agent, and performed all his covenants; that Mathewson, having covenanted for the peaceable occupation of the premises by the plaintiff, subsequently conveyed his interest in the building to his wife, who is the other defendant, subject to the lease; that in the fall of 1902, under an agreement with the trustees of the public library of the town, the library was moved into the leased rooms and has been there ever since; that the defendants, conspiring together, on the night of April 30, 1904, during the temporary absence of the plaintiff forcibly and without right broke into the rooms and locked the doors against him, claiming that he had violated the lease by allowing the library to be in the rooms, and thereafter refused to let him occupy the premises, although he had attempted to re-enter; that there are no other suitable rooms in Warren for the plaintiff's business and for the library; that the defendant Charles is financially irresponsible; that the plaintiff is without any adequate remedy at law; and that a multiplicity of suits will arise, and the plaintiff will suffer irreparable injury, unless the defendants are restrained from interfering with his occupation. The prayer is for an injunction.

At the May term, 1904, of the superior court, the defendants' demurrer was overruled by *Stone*, J., subject to exception. Upon the filing of a bond by the plaintiff a temporary injunction was granted.

*Smith & Smith*, for the plaintiff.

*Scott Sloane*, for the defendants.

WALKER, J. The questions presented arise on demurrer to the bill. The demurrer, for the purposes of the present inquiry, is regarded as an admission by the defendants of the truth of all material statements of fact contained in the bill which are well pleaded, but not of the inferences or conclusions of law which the plaintiff has seen fit to incorporate therein. *Pearson* v. *Tower*, 55 N. H. 36; *Eastman* v. *Thayer*, 60 N. H. 408. The truth of the allegation that the defendants' acts of which the plaintiff complains were " without right " is not admitted by the demurrer. In fact, the controversy between the parties relates to the legal right of the defendants, under the lease, to dispossess the plaintiff. The bill states that the defendants claimed the plaintiff had violated the lease in permitting the public library to be in the leased rooms, and urged this as a justification for their forcible entry. The point in dispute is thus made plain, and upon its determination

the question of the parties' possessory rights depends. For the adjudication of such a question an action at law affords an appropriate remedy. While the plaintiff does not deny this general proposition, he insists that equity has jurisdiction, because, as he claims, his injury is in its nature irreparable and not susceptible of being compensated in damages. The relief he seeks is in effect an order reinstating him in possession of the rooms. At the filing of the bill he was out of possession. The defendants had dispossessed him and were in the actual occupation under a claim of right. See *Wangelin* v. *Goe*, 50 Ill. 459; *Mead* v. *Camfield*, 3 Stock. 38. The plaintiff's position does not differ from that of an evicted tenant. If the eviction was wrongful, he may have redress by an action of trespass or other appropriate proceeding at law, in which compensatory damages are recoverable. 1 Tay. L. & T., s. 317; *Crocker* v. *Hill*, 61 N. H. 345. In such cases the general principle is that where the plaintiff's legal right is not clear, or where it is disputed, equity will not interfere and issue final orders or decrees, before the right is established by proceedings at law. 2 Beach Inj., s. 1164; *Bassett* v. *Company*, 47 N. H. 426, 437. "To this rule some exceptions are allowed, arising in cases of pressing necessity, when it clearly appears that no adequate remedy at law exists, and that irreparable and permanent injury must result unless the summary process by injunction is interposed. But to authorize the interposition of equity in such a case, the mischief must be imminent, the remedy at law clearly inadequate to afford redress, and the right supposed to be invaded must be clear or long enjoyed by the plaintiff." *Perkins* v. *Foye*, 60 N. H. 496.

The plaintiff's case does not fall within the exceptions to the rule above referred to. Even if the establishment of the right at law is not a prerequisite to the maintenance of his bill for the specific performance of the defendants' covenants, it is not perceived why the redress at law would not be adequate. The injury suffered resulted from the trespass of the defendants, who would be liable for all such damages as were naturally occasioned thereby. Upon demurrer, the mere allegation in the bill that the injury is irreparable " is to be regarded only as an expression by the plaintiff of the views entertained by him upon his case. The court are not precluded by the matter charged from looking to the facts alleged, as setting forth the nature of the grievance, and the extent and character of the threatened injury, for the purpose of determining whether, upon the facts, the case is or may be one of irreparable injury." *Coe* v. *Company*, 37 N. H. 254, 263, 264; *Boston & Maine R. R.* v. *Railroad*, 57 N. H. 200, 202. The defendants' acts, if wrongful, were mere trespasses under a claim of right, resulting in no such consequences to the plaintiff as to

create a pressing necessity for the exclusive exercise of the juris-
diction of equity in his behalf. " The exigency of the case is not
thus urgent." *Coe* v. *Company, supra.*

Nor is the claim tenable that resort to equity is authorized in
this case in order to avoid a multiplicity of suits. No reason is
suggested why the whole controversy might not be conveniently
and finally settled in a single suit at law. If the question of the
legal right to the possession is determined and established in the
proper jurisdiction in the plaintiff's favor, there is no reason to
suppose that further litigation would be necessary for the vindica-
tion of his adjudicated right. The language of the court in *Burn-
ham* v. *Kempton,* 44 N. H. 78, 95, is applicable in this connec-
tion : "The only threat proved or pretended in this case is to
assert what the defendants claim as a right. If the question of
right were settled against them, there is no reason to believe the
injury would ever be repeated. . . . The parties evidently
came here to have their rights at law settled, for there is nothing
in the controversy now here but their legal rights; nor can there
be any pretence that a single suit at law will not settle the right,
but if the plaintiffs' rights have been disturbed they can recover
full and adequate damages for all the wrongs they have suffered."

As bearing upon the question of the adequacy of an action at
law, the ability of the defendant to respond in damages has been
deemed in some cases a matter of importance. *Winnipissiogee Lake
Co.* v. *Worster,* 29 N. H. 433, 449 ; *Morgan* v. *Palmer,* 48 N. H.
336, 338; *Amoskeag Mfg. Co.* v. *Shirley,* 69 N. H. 269, 271. But
this question is not properly raised in the present case, since the
financial irresponsibility of only one of the defendants is alleged.
The other may be amply able to compensate the plaintiff for all
the damages he has suffered in consequence of the alleged wrong-
ful acts of the defendants. *Hodgman* v. *Richards,* 45 N. H. 28, 30.

It is to be noted that this is not a bill brought in aid of a suit
at law. *Hodgman* v. *Richards, supra.* No suit at law has been
brought. The plaintiff has invoked the jurisdiction of equity
alone to determine the legal rights of the parties and to obtain
final relief through equitable orders and decrees. The bill does
not disclose facts authorizing such procedure. The order of the
court overruling the demurrer was error.

*Exception sustained.*

All concurred.