Grafton
No. 84-169

MOUNTAIN SPRINGS WATER COMPANY, INC.

v.

MOUNTAIN LAKES VILLAGE DISTRICT & a.

March 1, 1985

*Myers & Laufer*, of Concord (*Daniel A. Laufer* on the brief and orally), for the plaintiff.

*Law Offices of Laurence F. Gardner*, of Hanover (*H. Bernard Waugh, Jr.*, on the brief and orally), for the defendants.

KING, C.J. The plaintiff, Mountain Springs Water Company, Inc., filed a complaint against the defendants in superior court, alleging intentional interference with contractual relations and unlawful restraint of trade in violation of RSA 356:2. The Superior Court (*Johnson*, J.) dismissed the action. We reverse and remand for further proceedings.

On February 4, 1981, the plaintiff filed the complaint against the Mountain Lakes Village District, the Mountain Lakes Community Association, Inc., and numerous individuals who were alleged to be commissioners, officials and officers of the two defendant organizations. The complaint included two counts: count one alleged that the defendants intentionally interfered with the plaintiff's contractual relations with its customers; and count two alleged that the defendants violated RSA 356:2 as a result of their attempts to prevent customers from dealing with the plaintiff. On December 27, 1983, the defendants filed a motion to dismiss the complaint, alleging that it failed to state a cause of action.

The plaintiff, Mountain Springs Water Company, Inc., was formed in 1973 in order to provide water service for the subdivision of Mountain Lakes in the town of Haverhill. In 1976, the New Hampshire Public Utilities Commission (PUC) awarded the plaintiff a franchise and permission to collect charges for its water service. The acts and events alleged in the complaint began in 1977 and continued at the time the suit was filed in February of 1981.

"In ruling on a motion to dismiss, all facts properly pleaded by the plaintiff are deemed true, and all reasonable inferences derived therefrom are construed most favorably to the plaintiff." *Plante v. Engel*, 124 N.H. 213, 215, 469 A.2d 1299, 1300 (1983) (quoting *Weld Power Industries v. C.S.I. Technologies*, 124 N.H. 121,

123, 467 A.2d 568, 569 (1983)). The plaintiff must, however, plead sufficient facts to form a basis for the cause of action asserted. *See id.* Further, in reviewing a motion to dismiss a complaint for failure to state a cause of action, we need not accept statements in the complaint which are merely conclusions of law. *Williams v. Mathewson*, 73 N.H. 242, 243, 60 A. 687, 687 (1905).

█ Moreover, we note at the outset that, although the defendants raise a number of defenses and justifications to both counts of the complaint, those defenses require factual determinations. We may not consider such "factual defenses" in reviewing motions to dismiss for failure to state a cause of action. *Kenneth E. Curran, Inc. v. Auclair Transp., Inc.*, 121 N.H. 451, 454, 431 A.2d 124, 126 (1981).

█ With the above standard in mind, we will address the plaintiff's first cause of action, for intentional interference with contractual relations between the plaintiff and its customers. In order to plead interference with contractual relations the plaintiff must allege that: (1) the plaintiff had a contractual relation with its customers; (2) the defendants knew of the contractual relation; and (3) the defendants wrongfully induced the customers to breach their agreement with the plaintiff. *Montrone v. Maxfield*, 122 N.H. 724, 726, 449 A.2d 1216, 1217 (1982); RESTATEMENT (SECOND) OF TORTS § 766 (1979).

█ The plaintiff's complaint alleged that the PUC had granted the plaintiff a franchise and permission to collect charges for the water service provided to its customers. These facts constitute a sufficient factual basis for the existence of a contractual relationship between the plaintiff and its customers.

█ The complaint contained excerpts from the defendants' newsletter which indicated that the defendants knew of the contractual relationship between the plaintiff and its customers, and knew the rates charged were legal, but nevertheless acted to induce the customers not to pay the service charges due to plaintiff. We find that the facts alleged by the plaintiff are sufficient to establish a cause of action against the defendants for wrongful interference with contractual relations between the plaintiff and its customers. Therefore, the plaintiff's cause of action for tortious interference with contractual relations should stand.

The plaintiff's complaint pleaded a second cause of action, under the New Hampshire antitrust statute. RSA 356:2, II(d) states:

> "Every contract, combination, or conspiracy is unlawful which has the purpose or effect of: . . . (d) [r]efusing to

deal, or coercing, persuading or inducing any person to refuse to deal, with another person . . . ."

 In order to assert a cause of action under RSA 356:2, a party must plead the existence of a combination. In this case collaboration between the defendants may be inferred from the defendants' newsletter, "Tree Top Times," which was allegedly written and printed as a joint effort by the defendants and was quoted in the complaint. The existence of the newsletter provides a factual basis for an allegation of combination by the defendants.

Plaintiff alleged that the purpose of the defendants' newsletter was to induce the plaintiff's customers to refuse to pay fees for water services. Based upon a review of the portions of the newsletter included in the complaint, we find a sufficient factual basis to establish a purpose of inducing the customers to refuse to deal with the plaintiff.

We therefore hold that the plaintiff's cause of action for the defendants' violation of the antitrust laws should also stand.

Accordingly, we reverse the trial court's dismissal of the plaintiff's complaint and remand for further proceedings.

*Reversed and remanded.*

All concurred.