Belknap
No. 89-162

THERESA PROVENCAL

v.

VERMONT MUTUAL INSURANCE COMPANY AND CRUICKSHANK & COMPANY

March 9, 1990

*Murphy, McLaughlin & Hemeon*, of Laconia (*Robert P. Tilton* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Geoffrey J. Ransom* and *Diane M. Smith* on the brief, and *Mr. Ransom* orally), for the defendants.

BROCK, C.J. The Superior Court (*Perkins*, J.) granted the defendants' motion to dismiss this contract action brought to enforce an offer of settlement. On appeal, the plaintiff argues that the trial court erred in granting the motion because her pleadings demonstrated the existence of genuine issues of material fact warranting a hearing on the merits. For the reasons that follow, we affirm.

On August 26, 1981, the plaintiff, Theresa Provencal, was allegedly injured in a fall while on the property of Albert and Victoria Mesropian in Laconia. The Mesropians were insured by Vermont Mutual Insurance Company (Vermont Mutual), which retained Cruickshank & Company (Cruickshank), of Concord, to adjust the plaintiff's claim for damages. Cruickshank negotiated

with the plaintiff's attorney and, on January 21, 1985, offered the plaintiff the sum of $6,325 in settlement of her claim. The duration of the offer was not expressly limited, and it was never formally withdrawn.

The statute of limitations in effect at the time required that the plaintiff bring suit on her claim within six years of the date her cause of action accrued. RSA 508:4, I (1983) (current version at Supp. 1989). On August 26, 1987, the sixth anniversary of the injury, the plaintiff had neither commenced legal proceedings on her claim nor accepted the defendants' offer.

Suit having been precluded, the plaintiff notified the defendants of her acceptance of the settlement offer on August 28, 1988, more than three years after the offer was made. Vermont Mutual denied that a contract had been formed, contending that the offer had lapsed and that the plaintiff's attempt to accept it was ineffective.

The plaintiff then filed suit, claiming the existence of a contract and complaining that the defendants were refusing to abide by the terms of their agreement. The defendants responded with a motion to dismiss, contending that the plaintiff's writ failed to state a claim upon which relief could be granted, and alleging that the plaintiff was attempting to circumvent the statute of limitations.

After a hearing, the trial court granted the defendants' motion to dismiss, ruling that the offer no longer existed at the time the plaintiff attempted to accept it and that therefore no contract was formed between the parties. The court further found that "[i]t is unreasonable to expect that [the defendants'] offer would be held open beyond the time that liability is extinguished and the reason for making the offer no longer exists." The court also determined that, while the plaintiff had correctly differentiated between a claim and a suit, in the absence of acknowledged liability by the defendants, her claim was unenforceable and did not constitute consideration upon which a contract could be based.

On appeal, the plaintiff argues that the trial court erred in granting the defendants' motion to dismiss. In particular, she contends that the trial court misapplied the standard of review for motions to dismiss by making findings regarding the existence of a contract, the duration of the offer and the adequacy of consideration, all of which were contrary to the allegations in her pleadings.

We begin our analysis by stating the standard by which the plaintiff's claim will be reviewed. We must, as the trial court was required to, determine "whether the allegations [in the plaintiff's pleadings] are reasonably susceptible of a construction

that would permit recovery." *Rounds v. Standex International*, 131 N.H. 71, 74, 550 A.2d 98, 100 (1988) (quoting *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985), itself quoting *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 146 (1978)). In ruling upon a motion to dismiss, the factual allegations of the plaintiff are assumed to be true and all reasonable inferences drawn therefrom are construed most favorably to the plaintiff. *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. at 320, 499 A.2d at 1000. "If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied." *Id.* This is a threshold inquiry, requiring the court to test the facts in the complaint against the applicable law. *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 45, 534 A.2d 706, 708 (1987).

The plaintiff's suit, alleging breach of contract, could only be sustained if there was a valid agreement between the parties. While the plaintiff's factual allegations are assumed to be true, her assertion that a contract had been formed represents a legal conclusion. *Chasan v. Village District of Eastman*, 128 N.H. 807, 814, 523 A.2d 16, 20 (1986). Conclusions of law need not be accepted as true in ruling on motions to dismiss, *Mt. Springs Water Co. v. Mt. Lakes Vill. Dist.*, 126 N.H. 199, 201, 489 A.2d 647, 649 (1985); and it is clearly within the province of the trial court to make legal rulings adverse to the plaintiff, *Chasan v. Village District of Eastman*, 128 N.H. at 814, 523 A.2d at 21.

In ruling on whether a contract had been adequately pleaded, the trial judge was obligated to scrutinize the complaint rigorously and to use the facts as pled by the plaintiff. *Jay Edwards, Inc. v. Baker*, 130 N.H. at 44–45, 534 A.2d at 708. While alleged facts must be accepted as true, the trial court must determine whether those factual assertions would be sufficient to support the ultimate legal conclusion upon which any recovery must rest. *Chasan v. Village District of Eastman*, 128 N.H. at 814, 523 A.2d at 21.

In evaluating the effect of the offer and attempted acceptance, the plaintiff's facts must be applied to the applicable law. If no time is specified in an offer, the offeree's power of acceptance is terminated at the end of a reasonable time. RESTATE-MENT (SECOND) OF CONTRACTS § 41(1), at 109 (1979). In determining what constitutes a reasonable time, "all the circumstances existing when the offer and attempted acceptance [were] made" must be considered. RESTATEMENT (SECOND) OF CONTRACTS § 41(2), at 109

(1979). Whether a delay in acceptance is reasonable depends on the situation of the parties and the subject matter of the contract. *Morse v. Bellows*, 7 N.H. 549, 566 (1835).

The defendants, as insurers of the Mesropians, attempted to settle the disputed claim. They chose to make a certain financial offer in light of the surrounding circumstances at the time, including the potential cost and the probable outcome of any litigation. Because the claim was obviously disputed, it is unlikely that an offer would have been extended absent the plaintiff's ability to seek a remedy in the courts. Clearly the situation of the parties changed substantially when the possibility of suit was eliminated. It is unreasonable to conclude, given the changed circumstances of the parties and the subject matter of the contract, that the offer remained open after the statute of limitations had run.

We find no error in the judgment of the trial court that, under the circumstances, no contract was formed between the plaintiff and the defendants. Although this ruling may be contrary to the legal conclusion drawn by the plaintiff, it is not adverse to any of the factual assertions found in her complaint. The fact that she made no mention of the statute of limitations in her pleadings did not preclude the trial judge from considering its legal implications in ruling on the motion to dismiss.

In summary, the plaintiff sought relief based upon breach of contract. The trial court ruled, as a matter of law, that the alleged contract, fundamental to her cause of action, did not exist. It was proper for the trial court to make legal rulings and to weigh the factual assertions relevant to such rulings. Because we concur that the plaintiff's pleadings were not reasonably susceptible of a construction that would permit recovery, we hold that the trial court did not err in granting the motion to dismiss. Having thus held, we need not further discuss the plaintiff's argument regarding adequacy of consideration.

*Affirmed.*

All concurred.