Carroll
No. 90-239

## OSSIPEE AUTO PARTS, INC. & a.

### v.

### OSSIPEE PLANNING BOARD

July 3, 1991

*Hall, Morse, Gallagher & Anderson*, of Concord (*G. Wells Anderson* on the brief and orally), for the plaintiffs, Ossipee Auto Parts, Inc. and Harry W. Chick.

*Law Office of Laurence F. Gardner*, of Lebanon (*Mark T. Kremzner* on the brief and orally), for the defendant, the Ossipee Planning Board.

BATCHELDER, J. · This is an appeal from an order of the Superior Court (*O'Neil,* J.) granting the defendant's motion to dismiss the plaintiffs' petition for certiorari and review of a decision of the Ossipee Planning Board (planning board) for lack of standing. We agree with the trial court and affirm its order for the following reasons.

On March 7, 1988, plaintiff Ossipee Auto Parts, Inc. applied to the planning board for subdivision approval with regard to a tract of land and buildings it owned on Route 16. The application set forth the name of the subdivider as Ossipee Auto Parts, Inc. and named plaintiff Harry Chick and/or White Mountain Survey Co., Inc. as authorized agents of the applicant. The planning board denied the application on August 2, 1988, and on August 25, 1988, the plaintiffs appealed the planning board's decision by filing a petition for certiorari in the superior court. See RSA 677:15.

The petition for certiorari included the following factual allegations:

"1. That your Petitioner, Ossipee Auto Parts, Inc. is the owner of a certain tract of land with building thereon, situate on Route 16 in the Town of Ossipee, New Hampshire.

2. That your Petitioner, Harry W. Chick, Jr. is the owner of an equitable interest in the above-described tract of land, and is authorized to seek to obtain all necessary permits and approvals for subdivision of said land as the agent of Ossipee Auto Parts, Inc."

Answers were filed in due course by the town and its planning board. On August 29, 1989, the planning board filed its motion to dismiss, alleging that since the filing of the petition, plaintiff Ossipee Auto Parts, Inc. had conveyed the land and buildings in question to third parties, thereby rendering it and plaintiff Chick without standing to prosecute the appeal. The motion contained factual allegations concerning the sale of the premises and, in accordance with the provisions of Superior Court Rule 57, was supported by an affidavit. In addition to the affidavit, the defendant submitted copies of the deeds showing the conveyances from Ossipee Auto Parts, Inc. and its successor in title.

On September 6, 1989, in a timely manner, the plaintiffs filed an objection to the motion to dismiss, in which they alleged that:

"2. When Ossipee Auto Parts, Inc. acquired the subject property from Recreational Development Company, Inc. there was an agreement dated January 21, 1983 between

Ossipee Auto Parts, Inc., the grantee, and James Baybutt and Wayne Lloyd that if subdivision approval could be attained that Ossipee Auto Parts, Inc. would execute a deed to them or their nominee conveying 1.02 acres of land to Baybutt and Lloyd.

3. This agreement was assigned by Baybutt and Lloyd to Harry Chick in 1983.

4. That the conveyance by Ossipee Auto Parts, Inc. to Canfield and Morgan of December 30, 1988 and by Canfield and Morgan to M & W Auto Parts, Inc. dated January 16, 1989 was made subject to the agreement of January 21, 1983 even though not set out in the deeds."

This objection was flawed, however, because it lacked the necessary factual verification by affidavit, required by Superior Court Rule 57, of matters not apparent from the record. The court granted the planning board's motion to dismiss on October 13, 1989. In its order, it stated that "[a]s a result of these conveyances, Ossipee Auto Parts and Harry W. Chick no longer have any interest in the property" and that, therefore, they were no longer "aggrieved" by the planning board's decision so as to have standing to pursue their action. Further, the court noted that, because the plaintiffs' objection was not supported by an affidavit pursuant to Superior Court Rule 57, it did not consider the objection in making its ruling.

The plaintiffs subsequently filed a motion for rehearing and reconsideration of the court's order, requesting relief on the basis, at least in part, that an affidavit was mailed to the court on October 12, 1989. The court denied their motion, and the plaintiffs filed this appeal. On appeal, they argue that the trial court erred in granting the planning board's motion to dismiss.

■ Usually, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the plaintiff's pleadings are sufficient to state a basis upon which relief may be granted. *Provencal v. Vermont Mut. Ins. Co.*, 132 N.H. 742, 744–45, 571 A.2d 276, 278 (1990). To make this determination, the court would normally accept all facts pled by the plaintiff as true, construing them most favorably to the plaintiff. *Id.* at 745, 571 A.2d at 278. When, however, the motion to dismiss does not contest the sufficiency of the plaintiff's legal claim, but instead, as in the present case, challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and deter-

mine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. *See, e.g., Kibby v. Anthony Industries, Inc.,* 123 N.H. 272, 274, 459 A.2d 292, 293–94 (1983) (stating that on a motion to dismiss for lack of personal jurisdiction, the plaintiff carries the burden of proving sufficient facts to show that he has met the requirements of personal jurisdiction).

■ Although the plaintiffs in the present case filed an objection to the planning board's motion to dismiss that contained allegations supporting their standing, this was insufficient. The trial court will not consider any facts relied on in a motion or objection unless they are verified by an accompanying affidavit or are apparent from the record. SUPER. CT. R. 57. In the present case, it was necessary that either an affidavit or a copy of the agreement and assignment referred to by the plaintiffs in their objection be filed within ten days of the planning board's motion to dismiss, as required by Superior Court Rule 58, in order for the matters raised in the plaintiffs' objection to be considered by the trial court. To hold otherwise would, for all practical purposes, hold trial court rulings on dispositive motions in a state of limbo dependent upon the whims and proclivities of counsel to file pleadings at any time outside the scope and constraints of the Superior Court Rules. It is important to note in the factual context of this case that the very documents upon which the plaintiffs place great reliance for the standing issue were not made available to the trial court before the court issued its decision.

■ Since the plaintiffs did not file an affidavit or copies of these documents in support of their objection to the planning board's motion to dismiss, as required by Superior Court Rule 57, when the trial court ruled on the motion to dismiss, it was not required to consider, and indeed could not consider, the facts relied on by the plaintiffs in their objection, because these facts were not otherwise apparent from the record. *See* SUPER. CT. R. 57. Thus, because there were no facts from which the court could conclude that plaintiff Chick had standing, we hold that the court's decision granting the planning board's motion to dismiss, even though it may have been based on other grounds, was without error.

*Affirmed.*

All concurred.